UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INNOCENT OBI, individually, and on behalf of minor children MCN, ICN, FCN, JCN, and DON,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE HOME FINANCE, LLC; JPMORGAN CHASE BANK, N.A.; SAFEGUARD PROPERTIES, LLC; BURKE, WARREN, MACKAY & SERRITELLA, P.C.; ANDREW D. LEMAR; and CUNNINGHAM, MEYER & VEDRINE, P.C.,<br><br>Defendants. | Case No. 11-cv-3993<br><br>Judge John W. Darrah |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs, Innocent Obi, individually and on behalf of his five children, proceeding *pro se*, filed a motion to remand this action to the Circuit Court of Cook County, Illinois, alleging Defendants violated 28 U.S.C. §§ 1446-1447. For the reasons provided below, Plaintiffs' request for remand is denied.

### BACKGROUND

Plaintiffs filed their initial complaint in the Circuit Court of Cook County on May 9, 2011. Plaintiffs bring eleven separate causes of action against Defendants: (1) a violation of the Fair Debt Collections Practice, 15 U.S.C. §§ 1692 *et seq.*, and the Illinois Fair Debt Collection Practices Act, 225 ILCS 425/9.3; (2) fraud and "inappropriate conduct"; (3) conspiracy; (4) intentional infliction of emotional distress;

(5) indemnification; (6) temporary and permanent injunctive relief; (7) declaratory relief; (8) defamation; (9) punitive damages; (10) a violation of 820 ILCS 55/12 and "conversion/theft"; and (11) a violation of Federal Rule of Civil Procedure 5.2 and a violation of "ILCS 5/13-201." *See* Complaint. Plaintiffs also assert claims for damages and declaratory relief under the "Civil Rights Act of 1964, 42 U.S.C. Section[s] 1981, 1983, [and] 1988, [and] 18 U.S.C. 241 and 242 . . ." in addition to other claims under Illinois law. *See* Complaint at ¶ 19.

Both Plaintiffs and Defendants assert that Defendants Chase Home Finance, LLC; Burke, Warren, MacKay & Serritella, P.C.; Andrew LeMar; and Cunningham, Meyer & Vedrine, P.C. were served with process on May 13, 2011. Defendant JPMorgan Chase Bank, N.A. was served on May 15, 2011. Defendant Safeguard Properties, LLC, was served with process on May 24, 2011.

Defendants filed a Notice of Removal on June 13, 2011, to remove the instant case to the Northern District of Illinois. The case was removed to this Court on the basis of federal question jurisdiction, as this action had claims arising under federal law, including: the Fair Debt Collection Practices Act, the Civil Rights Act, and the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1441(a).

At issue is whether or not the Defendants' Notice of Removal was timely, or if this action should otherwise be remanded to state court.

## LEGAL STANDARD

Removal of this action was premised on 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have

> original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a). A federal district court is deemed to have original jurisdiction over a civil action arising under United States law according to 28 U.S.C. § 1331. Additionally, a federal district court may have supplemental jurisdiction under cases involving state law where the court has original jurisdiction and where "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Supplemental jurisdiction may also be permitted whenever a separate claim within original jurisdiction "is joined with one or more otherwise non-removable claims or causes of action, [providing that] the entire case may be removed and the district court may determine all issues therein." 28 U.S.C. § 1441(c).

In order for a case to be removed from state court to federal court, notice of removal must be filed by the defendant within thirty days: (1) after the defendant receives a copy of the initial pleading, or (2) after the service of summons on the defendant if the initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446(b). However, § 1446(b) fails to address when the thirty-day period begins in cases where there are multiple defendants who are served on different days. Neither the Supreme Court nor the Seventh Circuit has addressed this issue. *Save-A-Life Foundation, Inc. v. Heimlich*, 601 F.Supp.2d 1005 (N.D. Ill., 2009) (*Save-A-Life*). The approach taken in the Northern District of Illinois is not uniform. In some cases, the thirty-day clock began as soon as

the first defendant received notice, using a "first-served defendant" rule. *See Collins v. Pontike*, 447 F.Supp.2d 895, 898 (N. D. Ill. 2006) (stating "the 30-day period for removal began to run when the first defendant entitled to remove received the summons and complaint"). More recently, a court here has applied the "later-served defendant" rule, starting the clock on the date the last defendant was served. *See Seabright Ins. Co. v. JLG Indus., Inc.*, No. 11 C 2424, 2011 WL 246356 (N.D. Ill. June 20, 2011) (*Seabright*). The court in *Seabright* reasoned that under 28 U.S.C. § 1446(b), "the use of the term 'the defendant' indicates that the time clock for removal is applied on a defendant-by-defendant basis." *Seabright* at *2. This approach permits each defendant to have a fresh thirty-day clock when they receive initial notice.

However, defendants seeking removal must comply with all statutory requirements. The court must strictly construe these requirements; and when there is doubt as to whether the requirements have been satisfied, the case should be remanded. *Jones v. General Tire and Rubber Co.*, 541 F.2d 660 (7th Cir.1976).

## ANALYSIS

As explained above, four Defendants were served with process on May 13, 2011. The last Defendant, SafeGuard Properties, LLC, was served with process on May 24, 2011. The notice of removal was filed by Defendants, including Defendant SafeGuard Properties, LLC, on June 13, 2011. Plaintiffs assert Defendants' removal was untimely as it exceeded the thirty days required by 28 U.S.C. § 1446(b). However, the notice of removal was timely under 28 U.S.C. § 1446(b) applying either the first-served defendant rule or the last-served defendant rule.

4

Under the first-served defendant rule, Defendants' notice of removal was timely. As the first Defendants were served on May 13, 2011, all Defendants had until June 12, 2011, to file the notice of removal. In computing time specified under the federal rules:

> (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the end of the next day that is not Saturday, Sunday, or legal holiday.

Fed. R. Civ. P. 6(a)(1)(c). However, June 12, 2011, fell on a Sunday. This would extend the computation of the thirty days to June 13, 2011, the next day that was not a Saturday, Sunday, or legal holiday. Therefore, Defendants timely filed their notice of removal by filing it on June 13, 2011, and they were not in violation of the thirty-day requirement provided by 28 U.S.C. § 1446(b).

Obviously, then, under the last-served defendant rule, Defendants' notice of removal is also timely. The last-served Defendant was served on May 24, 2011. In computing the thirty days required under 28 U.S.C. § 1446(b), the Defendants would have had until June 23, 2011, to file notice of removal. By filing notice on June 13, 2011, the Defendants were well within the thirty-day range provided by § 1446(b).

A preference for the first-defendant rule or the last-defendant rule is unnecessary in this case as the Defendants would pass under either test. In applying either rule, the Defendants' notice of removal was timely.

Plaintiffs attempt to allege other failings of the Defendants' notice of removal. These claims are baseless. Defendants jointly filed a single notice of removal, so

5

Plaintiffs' assertions that Defendants failed to name the co-defendants not joining the removal or Defendants' failure to provide a letter of consent from all defendants are irrelevant. Plaintiffs' claim that Defendants erred in failing to provide the citizenship of all parties is without merit, as this dispute arises under federal question jurisdiction, not diversity jurisdiction. Plaintiffs also allege Defendants failed to respond to the Complaint within 20 days of the removal; this claim fails as the Defendants were granted an extension of time to respond to the Complaint and filed their response in a timely manner. Plaintiffs further allege that "Defendants removed a key defendant [Chase Home Finance, LLC] from the case without court order." Plaintiffs' Motion for Remand, ¶ 21. This allegation is baseless: Chase Home Finance was not removed from the case but is succeeded by and merged with Defendant JPMorgan Chase Bank, N.A. Plaintiffs have failed to show a defect in the Defendants' Notice of Removal.

## CONCLUSION

For the reasons state above, Plaintiffs' *Motion to Remand* is denied.

Date: October 25, 2011

JOHN W. DARRAH
United States District Court Judge