UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INNOCENT OBI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 11-cv-3993 |
| CHASE HOME FINANCE, LLC; and | ) |
| JPMORGAN CHASE, N.A., | ) Judge John W. Darrah |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants Chase Home Finance, LLC ("CHF") and JPMorgan Chase, N.A. ("Chase") move to dismiss Plaintiff Innocent Obi's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted and pursuant to Federal Rule of Civil Procedure 9(b) for failure to plead fraud with particularity. For the reasons presented below, Defendants' Motion to Dismiss is granted.[1]

## BACKGROUND

Plaintiff, proceeding *pro se*, filed his initial complaint on behalf of himself and his five children in the Circuit Court of Cook County, Illinois; this action was removed to the Northern District of Illinois on June 13, 2011. (Notice of Removal at 1.) This initial Complaint alleged that Defendants Chase, CHF, and formerly named defendant

---

[1] Defendants simultaneously move for sanctions in favor of Defendants and against Plaintiff. This request for sanctions is denied. "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2).

Safeguard Properties, LLC entered Plaintiff's home and removed his property; this Complaint brought claims of fraud, conspiracy, indemnification, defamation, punitive damages, and conversion. (Compl. ¶¶ 52-191.) The initial Complaint further alleged all Defendants committed defamation by failing to redact the names of Plaintiff's children in a motion to dismiss filed in a previous action, involving Plaintiff Obi and these Defendants. (Id. ¶¶ 50-51, 151-191.) On July 20, 2011, Defendants filed a joint motion to dismiss the initial Complaint. Plaintiff, instead of filing a response to the motion to dismiss, moved for leave to file an amended complaint, which was granted. Plaintiff filed his Amended Complaint on December 27, 2011, dropping his children from the litigation and dropping some claims. (Am. Compl. at 2.) Plaintiff also eliminated multiple defendants from his Amended Complaint, leaving only Defendants CHF and Chase as parties to the litigation. (Id.) Defendant CHF was a subsidiary of Defendant Chase and merged into Chase on May 1, 2011. (Def. Mot. to Dismiss at 7.) In Plaintiff's Amended Complaint, Plaintiff alleges: (I) a claim under the Fair Debt Collection Practices Act ("FDCPA") and the Illinois Collection Agency Act ("ICAA")[2]; (II) a claim of fraud on the part of the defendants and so-called "inappropriate conduct"; (III) a claim of conspiracy; (IV) a claim of intentional infliction of emotional distress ("IIED"); (V) a so-called claim of "state law indemnification"; (VI) a so-called claim of "emergency temporary and permanent injunctive relief"; (VII) a claim of "declaratory relief"; and (VIII) a claim of "punitive damages." Defendants seek to have Plaintiff's Complaint dismissed in its entirety. Defendants further seek to have Plaintiff

---

[2] Plaintiff erroneously refers to this Act as the "Illinois FDCPA" in his Amended Complaint. (Am. Compl. ¶¶ 42-66.)

recommended to the Court's list of restricted filers, arguing that Plaintiff has been a plaintiff in ten frivolous lawsuits in the Northern District of Illinois since May 2010 and that all of these suits have been dismissed. (Mem. at 5.)

## LEGAL STANDARD

To properly assert a claim in a complaint, the plaintiff must present: "(1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*Iqbal*) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*)). While a court is to accept all allegations contained in a complaint as true, this principle does not extend to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. The Federal Rules further provide that a defendant may assert a defense that the plaintiff failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1939. A threadbare statement of a claim supported by a conclusory statement is insufficient. *Iqbal*, 129 S. Ct. at 1939 (citing *Twombly*, 550 U.S. at 555).

3

Federal Rule of Civil Procedure 9(b) governs pleading a claim of fraud: this is a heightened pleading standard. *Hefferman v. Bass*, 467 F.3d 596, 601 (2006). Rule 9(b) "requires that facts such as the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff be alleged in detail." *Id.* at 601 (internal quotations omitted). A plaintiff who fails to meet this heightened pleading standard for fraud will have the claim dismissed.

## ANALYSIS

### Count I: FDCPA and ICAA Claims

Defendants move to dismiss Plaintiff's claims in Count I, which allege violations of the FDCPA and the ICAA. First, Plaintiff's claim of Defendants' violation of the ICAA must fail because the ICAA does not apply to banks, such as Defendant Chase, or its subsidiaries, such as Defendant CHF. As the ICAA provides: "[t]his Act does not apply to persons whose collection activities are confined to and are directly related to the operation of a business other than that of a collection agency, and specifically does not include the following: banks, including trust departments, affiliates, and subsidiaries." 225 ILCS 425/2.03(1).

Defendants move to dismiss Plaintiff's FDCPA claim on similar grounds: the FDCPA applies to debt collectors, and the Defendants cannot be considered debt collectors. The FDCPA prevents debt collectors from using "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA defines a debt collector as someone who "uses any

instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). In the Amended Complaint, Plaintiff identifies Chase as a creditor; however, creditors such as Chase are not subject to the FDCPA. *See Aubert v. American Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998) (providing: "[c]reditors who collect in their own name and whose principal business is not debt collection . . . are not subject to the [FDCPA]."). Defendant CHF is also not subject to the FDCPA. As Plaintiff alleges in the Amended Complaint, CHF was the servicer of his loan. (Am. Compl. ¶ 15.) The FDCPA excludes loan servicers from the definition of a debt collector, stating that a debt collector, for purposes of the FDCPA, would not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). Because Plaintiff's loan was not in default when CHF began servicing it, CHF could not be considered a debt collector under FDCPA.

Accordingly, Plaintiff's Count I of his Amended Complaint, alleging violations of the FDCPA and the ICAA, is dismissed with prejudice.

*Count II: Fraud and Inappropriate Conduct*

Plaintiff also alleges fraud on the part of the Defendants for their alleged "failure . . . to validate the debt." (Am. Compl. ¶¶ 67-68.) Defendants argue Plaintiff failed to meet the heightened pleading standard under Federal Rule of Civil Procedure

5

9(b), which requires a pleading of particularity. Fed. R. Civ. P. 9(b). This "ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *Anchorbank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011). Plaintiff's Amended Complaint fails to reach the answers of even these basic questions and, as a result, fails to meet the pleading standard required by Rule 9(b). Plaintiff fails to identify any individuals who allegedly made false statements or the substance of the allegedly false statements. Plaintiff does not allege when or where the so-called false statements were made, nor does Plaintiff attempt to explain how any statement could be false. Hence, Plaintiff's Count II, claiming fraud, is dismissed with prejudice for failure to meet the heightened pleading standard under Rule 9(b).

*Count III: Conspiracy*

Plaintiff next alleges conspiracy on the part of the Defendants, in Count III of his Amended Complaint. (Am. Compl. ¶¶ 75-86.) Under Illinois law, to properly allege a claim of civil conspiracy, the plaintiff must allege facts which show: (1) a combination of two or more people; (2) for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means; (3) in the furtherance of which one of the conspirators committed an overt tortious or unlawful act. *Fritz v. Johnston*, 209 Ill.2d 302, 282 (Ill. 2004) (citing *Adcock v. Brakegate, LTD*, 164 Ill.2d 54, 62-63 (Ill. 1994)). Plaintiff alleges in his Amended Complaint the Defendants "conspired with one another in a concerted effort to violate state and Federal laws, prohibiting illegal and fraudulent means of collection of debt." (Am. Compl. ¶ 76.) Civil conspiracy

requires an independent cause of action underlying the conspiracy; it is not an independent tort. *See Thomas v. Fuerst*, 345 Ill.App.3d 929, 936 (Ill.App.Ct.2004) (holding that if a "plaintiff fails to state an independent cause of action underlying his conspiracy allegations, the claim for conspiracy also fails"). Because Plaintiff fails to properly plead any of the elements of civil conspiracy under Illinois law, and because he fails to identify a proper independent cause of action upon which the conspiracy sought to further, his claim of conspiracy is dismissed with prejudice.

*Count IV: Intentional Infliction of Emotional Distress*

Plaintiff further alleges Defendants intentionally inflicted emotional distress on him by not verifying or validating his debt. (Am. Compl. ¶¶ 87-89.) In Illinois, the elements of an IIED claim include: "(1) the defendants' conduct was extreme and outrageous; (2) the defendants knew that there was a high probability that their conduct would cause severe emotional distress; and (3) the conduct in fact caused severe emotional distress." *Swearnigen-El v. Cook County Sheriff's Dept.*, 602 F.3d 852, 864 (7th Cir. 2010). To show that the action was extreme and outrageous the plaintiff must allege the conduct is "so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community." *Id.* (quoting *Kolegas v. Heftel Broad. Corp.*, 154 Ill.2d 1 (1992)). Plaintiff fails to allege any facts that would support allegations of Defendants' conduct as extreme and outrageous, nor does Plaintiff allege facts that Defendants knew their conduct was likely to cause emotional distress. Plaintiff's allegations are merely conclusory and fail to demonstrate any intent or

7

knowledge on the part of the Defendants to cause Plaintiff distress. Consequently, Plaintiff's IIED claim is also dismissed with prejudice.

*Count V: Indemnification*

Plaintiff also seeks to recover from the Defendants on a claim of indemnification. In support of this claim, Plaintiff states the following:

> State and Federal law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.
>
> The individuals identified in the foregoing paragraphs are or were employees of the defendant entitled, who acted within the scope of their employment in committing the misconduct described herein.
>
> State and Federal law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

(Am. Compl. ¶¶ 97-99.) This claim fails for several reasons. First, Defendants Chase and CHF are not public entities. Second, Plaintiff fails to identify any employees by name or otherwise anywhere in his Amended Complaint. Third, and most significantly, Plaintiff appears to misunderstand the basic meaning of indemnification. "Indemnification shifts the entire loss from one person who has been compelled to pay it to another who on the basis of equitable principles should bear the loss." *Threshermen's Mut. Ins. Co. v. Wallingford Mut. Ins. Co.*, 26 F.3d 776, 781 n.6 (7th Cir. 1994) (internal citation omitted). If indemnification *were* to exist in this case, it would exist between the Defendants and the Defendants' employees; Plaintiff can make no showing for a claim of indemnification to him. Plaintiff's claim of indemnification is dismissed with prejudice.

*Counts VI, VII, and VIII: Injunctive Relief, Declaratory Relief, and Punitive Damages*

The last three counts of Plaintiff's Amended Complaint fail to state any causes of action whatsoever but, rather, name remedies. In Counts VI through VIII of the Amended Complaint, Plaintiff seeks emergency, temporary, and permanent injunctive relief; declaratory relief; and punitive damages. (Am. Compl. ¶¶ 100-125).[3] Count VI of the Amended Complaint, seeking injunctive relief, must fail as it does not state a cause of action. "By its very name, it is apparent that injunctive relief is a remedy. Where a party has a legal right threatened by irreparable harm and there is no adequate remedy at law, a party may seek an injunction. [Plaintiff], however, fails to state a claim merely by stating that he is entitled to injunctive relief. An injunction is a remedy, not a cause of action." *Noah v. Enesco Corp.*, 911 F.Supp. 305, 307 (N.D. Ill. 1995).

Similarly, Count VII, which names "declaratory relief" as a claim, is also dismissed as it does not state a cause of action. Declaratory relief is a form of remedy a plaintiff may request in his prayer for relief. Declaratory relief is not an independent cause of action. *See Chicago Police Sergeants Ass'n v. City of Chicago*, No. 08-CV-4214, 2011 WL 2637203, at *9 (N.D. Ill. July 6, 2011). Likewise, Count VIII of the Amended Complaint names "punitive damages" as a claim; punitive damages are also a remedy, not an independent cause of action. *See Indemnified Capital Invs., SA. v. R.J. O'Brien & Assoc., Inc.*, 12 F.3d 1406, 1413 (7th Cir. 1993) (holding that a claim of punitive damages must be dismissed where the other claims were dismissed, as it is not an independent cause of action).

---

[3] Defendants erroneously refer to these Counts as Counts 6, 7, 9 and 11 in their Motion to Dismiss, at 13.

Consequently, because Plaintiff's claims in Counts VI through VIII of his Amended Complaint fail to allege claims of action under the law, these claims are dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, the Defendants' Motion to Dismiss is granted; all of Plaintiff's claims are dismissed with prejudice. The Clerk of the Court is directed to formally recommend Plaintiff Innocent Obi to the Executive Committee of the Northern District of Illinois to be considered for its list of restricted filers.

Date: 5-15-12

JOHN W. DARRAH
United States District Court Judge